**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CHRISTINA BAILEY, KYLE GULLO,
MICHAEL DELNEGRO, ANDREW
JOHNSON, ROBERT FOX, STEPHEN
BREWER, CIARA-PAGE BROWN, and
DEBBIE SVENNINGSON[1],**

     **Plaintiffs,**

**-vs-**               **Case No. 6:07-cv-1205-Orl-28DAB**

**PRISON HEALTH SERVICES, INC.,**

     **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **DEFENDANT'S MOTION TO SEVER THE CLAIMS OF EIGHT INDIVIDUAL PLAINTIFFS (Doc. No. 13)**
>
> **FILED:**   September 19, 2007
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

  Plaintiffs sued Defendant Prison Health Services, Inc. for claims arising from medical treatment received while in custody at the Volusia County Branch Jail or Volusia County correctional

---

[1] Defendant's filed copy of the certified state court record at the initial time of removal, July 25, 2007, failed to include a copy of the Amended Complaint filed in state court on July 24, 2007 at 3:54 p.m., which added six new Plaintiffs. *See* Doc. No. 3. Defendant filed a supplement with an accurate certified copy of the entire state court record, including the Amended Complaint, on July 31, 2007. Doc. No. 4 at 5 (showing file stamp of July 24, 2007- properly filed the day before removal).

facility; Volusia County has contracted with PHS to provide health care services to county jail inmates. Doc. No. 2, 3. Defendant PHS moves to sever the claims of the eight Plaintiffs, contending that the eight Plaintiffs' claims have separate and distinct personal and family medical histories; unique medical needs while in custody; different medical staff (PHS employees or contractors) performing treatment; different lengths of custody; and distinct damages. Doc. No. 13.

Plaintiffs contend that the common element in each of their claims is whether he or she is "entitled to relief arising from [PHS'] lack of administrative supervision of the defendant over their independent contractors to ensure the delivery of medical services . . . in conformance with the requirements of [PHS'] contract with the County of Volusia." Doc. No. 14 at 2. Plaintiffs further contend that "the issue of liability" and whether independent contractors breached the requirements of the PHS-Volusia County contract are issues common to each Plaintiff. *Id.*

*Federal Rule of Civil Procedure 20*

In bringing their claims jointly, Plaintiffs rely on Civil Rule of Procedure 20, which allows permissive joinder of claims by plaintiffs or against defendants if the claims "aris[e] out of the same transaction, occurrences, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a).

> Federal Rule of Civil Procedure 20(a) states in pertinent part:
> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

FED.R.CIV.P. 20(a). A party seeking joinder of claimants under Rule 20 must establish two prerequisites: (1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined. *Alexander v. Fulton County,* 207 F.3d 1303, 1323 (11th Cir. 2000). The central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits. *Id.* The purpose of the Rule is to entertain "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs,* 383 U.S. 715, 724 (1966).

Although the preconditions for permissive joinder are construed generously to permit the broadest scope of action commensurate with traditional notions of justice and fair play, the court possesses equally broad discretion to sever parties based on misjoinder. *See Alexander,* 207 F.3d at 1323. Rule 20(b) and Rule 42(b) vest in the district court the discretion to order separate trials or make such other orders as will prevent delay or prejudice. *Id.* "All logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.* The determination of whether the situation constitutes the same transaction or occurrence for purposes of Rule 20 is determined on a case by case basis. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

The transactional test requires that, to be joined, parties must assert rights, or have rights asserted against them, that arise from related activities – a transaction or an occurrence or a series of such. "In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued. No hard and fast rules have been established under the rule." *Id.* at 1333. Courts look at each case individually to

determine whether the claims are logically related, thereby allowing "all reasonably related claims for relief by or against different parties to be tried in a single proceeding." 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE 2D § 1653.  Here, the record indicates that the parties and claims are not reasonably related or properly joined.

Plaintiffs contention that "the issue of liability" and whether independent contractors breached the requirements of the PHS contract are issues common to each Plaintiff.  It is true that such issues will require resolution in each case; however, each Plaintiff has a completely different set of facts (as summarized by PHS in its Motion) that are not logically related and will cause confusion and prejudice to PHS if tried together.  For example, Plaintiff Gullo has a fourteen-year history of mental health treatment and was Baker Acted twenty times; the prosecutor ultimately dropped the charge against him.  Doc. No. 4 ¶¶ 18-21.  Plaintiff Johnson had been treated for bipolar disorder for only months prior to his arrest; he remained incarcerated as of July 25, 2007. Doc. No. 4 ¶¶ 22-24. A third Plaintiff, Michael Delnegro, was in custody for less than twenty-four hours and was allegedly denied four different medications for several disorders; the Amended Complaint does not state where he was in custody. Doc. No. 4 ¶¶ 24.  Other Plaintiffs were arrested for varying periods of time, with arrests and some with re-arrests; some had lengthy mental health incidents (including suicide attempts) and treatment prior to arrest.  Such disparate factual patterns are not "logically related" events and do not comprise a "transaction or occurrence."  Because these eight Plaintiffs' cases do not appear to seek relief arising from the same transaction or occurrence, severance of the individual Plaintiffs' cases is proper.  Pursuant to Rule 21, the court may sever any claim against a party, which will proceed separately.  Fed. R. Civ. P. 21.

-4-

It is respectfully **RECOMMENDED** that all of the Plaintiffs' claims be severed. If this Report and Recommendation is adopted, the Clerk should be directed to open new separate files for each named Plaintiff, using the same judge assignments for all the cases. Because PHS removed the case to this Court, it is also respectfully **RECOMMENDED** that PHS be required to pay the separate filing fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 1, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy